UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BELIA ARLENE OCASIO, <u>ET AL.</u>**

    **Plaintiffs,**

        **v.**

**COMISION ESTATAL DE ELECCIONES, <u>ET AL.</u>,**

    **Defendants.**

**CIVIL NO. 20-1432 (PAD)**

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiffs initiated this action under the First and Fourteenth Amendments for declaratory and injunctive relief directing the State Elections Board of Puerto Rico ("CEE" as it is known by its Spanish initials) and its President, to among other things, permit senior citizens – those over 60 years of age – to vote early or by absentee ballot in the November 2020 election, and to update public education materials to reflect this eligibility rule (Docket No. 1, ¶ 10; Docket No. 2, p. 1).[1] Defendants requested that the case be dismissed (Docket Nos. 34, 35). On September 11, 2020, the court granted in part plaintiffs' request for preliminary injunctive relief, ordering that defendants permit voters of at least 60 years of age to vote early by mail; to extend by ten days- until September 24, 2020 -the deadline for these voters to apply for early voting, and to implement a media orientation campaign to that effect (Docket No. 38). This Opinion and Order sets forth the grounds for the court's ruling.

---

[1] The CEE is entrusted with overseeing the election process, including updating voting policies as necessary, facilitating registration services, and organizing voting poll locations and ballots (Docket No. 2, p. 16).

## I.     BACKGROUND

Plaintiffs are 60-plus years of age registered voters, with medical conditions that make them particularly vulnerable to COVID-19 (Docket No. 1, ¶¶ 16, 17).  They intend to vote in the election to be held in Puerto Rico in November 2020.  Id.  But because the Puerto Rico Electoral Code, Law No. 58 of June 20, 2020, does not grant senior citizens- those over 60 years of age – the right to early or absentee voting, they face the untenable choice between exercising their right to vote in person on election day and placing themselves at risk of contracting a potentially terminal disease.  Id. at ¶ 48.  In consequence, they seek declaratory and injunctive relief directing defendants to:

1. Implement policies allowing senior citizens access to early and absentee voting for the November elections;

2. Update all public education materials, including written, online, and on-air, to reflect these eligibility rules;

3. To identify voters over 60 years of age as individuals eligible to vote by early voting and absentee ballot during the pendency of the COVID-19 pandemic.

Id. at 26.

Defendants contend the court lacks jurisdiction on account of mootness (Docket No. 34, pp. 4-9).  They assert that the CEE's electoral commissioners granted to senior citizens the right to early voting; the President of the CEE authorized senior citizens to vote by mail and ordered that the application form be modified accordingly, and that it be sent to the commissioners and placed at the CEE's website; and on September 10, 2020, the CEE initiated the corresponding media orientation campaign.  Id. at pp. 4-9, 11; Docket No. 41.  Further, they state that requiring

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 3 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 3

defendants to identify voters over 60 years of age as individuals eligible for absentee and early voting has no relevance to the claims plaintiffs raise (Docket No. 34, p. 11).

## I.     BACKGROUND

On August 20, 2020, plaintiffs filed the complaint (Docket No. 1), and a request for temporary restraining order ("TRO") and a preliminary injunction (Docket No. 2). On August 21, 2020, the court denied the request for a TRO, and ordered that defendants be served with process by August 21, 2020 (Docket No. 5). Further, it instructed defendants to respond to the preliminary injunction request by August 31, 2020, and directed plaintiffs to notify defendants with copy of the order the same day they served them with process. Id.

Defendants did not respond within the deadline as ordered and the next day, plaintiffs requested entry of default (Docket No. 19). The court denied that request. Instead, it ordered defendants to show cause by September 4, 2020, as to why the request for preliminary injunction should not be granted (Docket No. 20). On September 4, 2020, defendants asked for, and were granted until September 11, 2020, to answer and respond to the preliminary injunction petition (Docket Nos. 24 and 25).

On September 4, 2020, plaintiffs filed an emergency motion for reconsideration, opposing the extension (Docket No. 26). The same day, the court ordered that defendants respond to the emergency motion by noontime on September 8, 2020 (Docket No. 27). They did so, reiterating the need for the September 11th deadline (Docket No. 28). The court maintained the deadline, albeit setting it at noontime on that day; scheduled a status conference for September 9, 2020 at 3:00 p.m.; and ordered the parties to confer and discuss a litigation plan to be discussed during the

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 4 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 4

conference (Docket No. 29). The conference was held as scheduled Docket No. 33).[2] Considering the issues discussed during the conference, the court scheduled a follow up conference for September 11, 2020 at 3:00 p.m. (Docket No. 31). Meanwhile, on September 10, 2020, plaintiffs filed an amended motion for TRO and preliminary injunction (Docket No. 32). And on September 11, 2020, defendants answered the complaint; opposed the request for preliminary injunction; and asked that the case be dismissed (Docket No. 10).

On September 11, 2020, the court heard the parties during the conference, providing them with ample opportunity to express their points of view (Docket No. 41). In addition, the court inquired if given the materials on the record, an evidentiary hearing was necessary for the court to rule on plaintiffs' request for preliminary injunction. Id. The parties expressed that no such hearing was necessary. After a recess, having studied all of the filings in light of applicable caselaw, the court granted in part plaintiffs' request. Id.

## II.     FACTUAL BACKGROUND

The case must be evaluated against the epidemiological impact of the COVID-19 pandemic and the pandemic's effect on senior citizens and their right to vote. To this end, plaintiffs presented the Declaration under Penalty of Perjury of Dr. Arthur L. Reingold, Division Head of Epidemiology and Biostatistics at the University of California, Berkeley, School of Medical Health (Docket No. 2-1)(describing epidemiologic aspects of the COVID-19 pandemic; population segments at greater risk of infection, including geriatric patients; and characteristics of polling

---

[2] Originally, the conference was set as a video conference via VTC Bridge-PAD (Docket No. 33, p. 1, n. 1). Due to technical difficulties with the bride, the court decided to hold the conference via telephone bridge. Id. The court authorized the CEE's Legal Advisor to participate in the conference, even though she has not entered an appearance as attorney of record. Id.

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 5 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 5

stations as prime area for increased virus transmission); and the Declaration under Penalty of Perjury of Mayra Socorro Ortiz Tapia, MPH, Certified Clinical Gerontologist (Docket No. 2-2) (describing general outlook of COVID-19 pandemic for people over 60 in Puerto Rico, and estimating at 78% their chance of death if contracting COVID-19). The declarations' findings and conclusions stand unrebutted.[3] Furthermore, defendants admitted paragraphs 20, 21, 23, 24, 25, 30, 31, 41, 42, 43, 44, 45, 46, 54, 55, 56, and 57 of the Complaint. See, Docket No. 35 ("Answer to the Complaint"). The most salient admissions are reproduced in the Appendix. The declarations and admissions place beyond doubt the pandemic's impact on senior citizens and the circumstances under which they must exercise their right to vote.

### III. DISCUSSION

#### A. Jurisdiction

Defendants contend the case should be dismissed as moot (Docket No. 34). Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies." U.S. Const., Art. III, § 2. The Supreme Court has interpreted this requirement to demand that "an actual controversy ... be extant at all stages of review, not merely at the time the complaint is filed." Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997). Thus, Article III "prohibits federal courts from deciding 'moot' cases or controversies-that is, those in which 'the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" United States v. Reid, 369 F.3d 619, 624 (1st Cir.2004)(citing United States Parole Comm'n v. Geraghty, 445 U.S.

---

[3] Defendants submitted no counterstatements or materials of evidentiary value to rebut Dr. Reingold's and Ms. Ortiz-Tapia's declarations.

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 6

388, 396 (1980); Gulf of Maine Fishermen's Alliance v. Daley, 292 F.3d 84, 87 (1st Cir.2002)). Measured by this standard, the case is not moot.

Generally, voters in Puerto Rico must vote in person on the day of the election. Articles 9.34 and 9.37 of the Electoral Code recognize two exceptions to this general rule: absentee voting and early voting. Absentee voting applies to voters who will not be physically in Puerto Rico on the day of the election. See, Article 9.34 of Electoral Code. Early voting covers voters such as caregivers. See, Article 9.37 of the Electoral Code.[4] The Code does not, however, include senior citizens within this category. But it authorizes the CEE to add categories of voters to the list of individuals eligible for early voting, prohibiting the CEE from subtracting or eliminating the categories set in the statute. See, Article 9.37(3)(providing for authorization and stating prohibition).

Bringing into play this prerogative, on August 25, 2020, the CEE by agreement of the electoral commissioners, added the category of senior (60 +) citizens to the list of voters eligible for early voting in the November 2020 election. See, CEE-AC-20-248, p. 1 (Docket No. 39-1) (certifying electoral commissioners' agreement to maintain senior citizen category for early

---

[4] The full categories of voters eligible for early voting are: (1) voters required to be at work within Puerto Rico on election day; (2) caregivers (any voter who is the only person available in the family nucleus of their home for the care of children under 14 years of age, persons with disabilities, and bedridden patients being taken care of in the home); (3) hospitalized voters; (4) candidate voters; (5) traveler voters (voters who, after expiration of the term to apply for absentee or early vote, become aware that for any reason, they will be physically absent from Puerto Rico on election day, provided that such knowledge arose before election day; (5) voters with a physical impairment; (6) easy home access voters; (7) voters with special conditions in lodging or accommodation houses; and (8) inmates of penal institutions. See, Article 9.37 of the Electoral Code. Plaintiffs mistakenly alluded to the categories included in the Electoral Code of 2011 as the categories now in place. See, "Plaintiffs' Memorandum of Law in Support of Their Emergency Motion for a Temporary Restraining Order and Declaratory and Injunctive Relief" (Docket No. 2, p. 17, n. 27); "Notice of Amended Motion for Temporary Restraining Order and Preliminary Injunction" (Docket No. 322, p. 19, n. 20).

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 7 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 7

voting).[5]  On August 27, 2020, due to a disagreement among the electoral commissioners on early voting by mail, the President ruled that voters eligible for early voting, could vote by mail.  See, Resolution RS-CEE-145 (Docket No. 39-2)(recognizing availability of vote by mail in early voting).  One of the electoral commissioners requested reconsideration, which was denied.  See, Resolution RS-CEE-146 (Docket No. 39-3)(denying reconsideration request).

Defendants contend that because the commissioners reached an agreement and the Resolutions became final and unappealable on November 4th (Resolution RS-CEE-145) and November 8th (Resolution RS-CEE-146), the case is moot (Docket No. 34, pp. 6-12).  The Resolutions, however, are not *res judicata*.  Article 3.4 of the Electoral Code provides that decisions in the CEE shall be made by unanimity of the proprietary commissioners.  See, Article 3.4 of Electoral Code (setting forth allocation of decision-making authority within CEE).  In absence of unanimity, the President decides, and the decision is considered that of the CEE.  Id.  In theory, there is no legal impediment that would prevent the commissioners from eliminating the category of senior citizens as eligible for early voting by mail in the November 2020 election.

Defendants argue that the Electoral Code prohibits the CEE from eliminating or subtracting from early voting categories (Docket No. 34, p. 8).  Yet the prohibition refers to the categories of early voting included in the Electoral Code, not to those added by the CEE.  See, Article 9.37 (3)(while CEE may add to the list or reasons and categories of voters eligible for early voting, it shall never reduce or eliminate those established in Article 9.37).  Therefore, the case is not moot.

---

[5] On June 4, 2020, in light of the pandemic, the Legislative Assembly expanded by Joint Resolution the categories of individuals eligible for early voting, including, among others, individuals over 60 years of age (Docket No. 32, p. 19). The Joint Resolution applied only to the primaries to be held in August 2020, giving the CEE approximately two months to prepare for these changes.  Id.

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 8 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 8

## B. **Injunctive Relief**

Whether or not to issue a preliminary injunction depends on four factors: (1) plaintiff's likelihood of success on the merits; (2) the potential for irreparable harm in the absence of preliminary injunctive relief; (3) whether issuing the injunction will burden defendants less than denying an injunction would burden the plaintiffs; and (4) the effect, if any, on the public interest. See, Sindicato Puertorriqueno de Trabajadores v. Fortuño, 699 F.3d 1, 10 (1st Cir. 2012) (articulating and applying test); New Comm. Wireless Services., Inc. v. SprintCom, Inc., 287 F.3d 1, 8-9 (1st Cir. 2002)(similar). Though each factor is important, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits." Sindicato Puertorriqueno de Trabajadores, 699 F.3d at 10.

Plaintiffs have a high probability of succeeding on the merits. The First and Fourteenth Amendments "prohibit states from placing burdens on citizens' rights to vote that are not reasonably justified by states' important regulatory interests." Common Cause v. Gorbea, 970 F.3d 1, 14 (1st Cir. 2020)(citing Anderson v. Celebrezze, 460 U.S. 780, 788-789 (1983) and Burdick v. Takushi, 504 U.S. 428, 430 (1992)). Under this framework, courts weigh the character and magnitude of the asserted injury to the voters' rights against the precise interests put forward by the State as justifications for the burden imposed. Id. In passing judgment, the court must determine the legitimacy and strength of each of those interests and consider "the extent to which those interests make it necessary to burden the plaintiff's rights." Anderson, 460 U.S. at 789. This standard is sufficiently flexible to accommodate the complexities of state election regulations while "protecting the fundamental importance of the right to vote." Obama for Am. v. Husted, 697 F.3d 423, 429 (6th Cir. 2012).

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 9 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 9

As it stands, the Electoral Code requires at-risk senior citizens to vote in person on election day, generally indoors, and often within reach of dozens if not hundreds of voters for extended periods of time, in enclosed areas where social distancing and sufficient ventilation cannot be guaranteed. Senior citizens should not be forced to choose between risking their health and perhaps their lives by exposing themselves to COVID-19 or disenfranchisement. And, Puerto Rico does not have a strong enough interest to prohibit senior citizens to exercise early voting by mail in the November 2020 electoral event. On the contrary, the CEE recognized – by way of agreement among the electoral commissioners – that senior citizens are eligible for early voting, and by administrative resolutions, that they may vote by mail.

The balance of hardships and public interest support injunctive relief. Plaintiffs will suffer irreparable harm absent injunctive relief. The public interest in ensuring citizens their constitutional right to vote and safeguarding public health and preventing the spread of the COVID-19 virus are served by an injunction. Allowing senior citizens access to early voting by mail will not only ensure that senior citizens can exercise their right to vote safely, but it will also reduce crowding at voting locations during the general elections and decrease the risk of infection for all. And there is no documented basis to believe that this measure may compromise the election's integrity.

Still, to exercise the right to early voting by mail, senior citizens must first apply to the CEE not later than September 14, 2020. The time span within which these citizens are expected to act is problematic. Focusing on the CEE, senior citizens were included as a category of eligible voters for early voting in the November 2020 electoral event by agreement on August 25, 2020, and given the right to vote by mail via administrative resolution on August 27, 2020, a resolution

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 10 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 10

which, by defendants' account, became final and unreviewable on September 8, 2020. In other words, the complete "early voting by mail" regime was put in place barely six days before expiration of the application deadline.

As mentioned earlier, the Electoral Code does not include senior citizens as voters eligible for early voting, but authorizes the CEE to expand upon that category, which the agency did. The Electoral Code became law on June 20, 2020. So, citizens have had a substantial amount of time to inform themselves as to the categories of early voting included in the Electoral Code. And for that reason, the September 14, 2020 deadline that the Code sets to apply under those categories makes sense, supplemented as it is by a media orientation campaign. But as explained above, the senior citizens are not on the same footing, and "some parts" of the relevant orientation campaign only started on September 10, 2020, four days prior to the deadline (Docket No. 41, p. 2).

Defendants argue that Article 9.38(4) of the Electoral Code provides that early vote has to be requested on or before 50 days prior to the election, that is, by September 14, 2020, and for that reason, any amendment requires legislative action (Docket No. 34, pp. 8-9). Statutory deadlines, however, may be judicially modified as appropriate to safeguard voting rights. See, Democratic National Committee v. Bostelmann, 447 F.Supp.3d 757, 760-761, 770 (W.D.Wis. 2020)(judicial extension of electronic voter registration deadline in light of COVID-19 pandemic); Florida Democratic Party v. Scott, 215 F.Supp.3d 1250 (N.D.Fla. 2016)(ordering extension of voter registration deadline after hurricane hit the state).[6]

---

[6] See also, Ortiz-Angleró v. Barreto-Pérez, 110 D.P.R. 84 (1980), 10 P.R. Offic. Trans. 104, where the Puerto Rico Supreme Court sustained an injunction against enforcement of a 153-day deadline to register before an electoral event, noting that the deadline infringed the right to vote.

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 11

Plaintiffs asked that the September 14th deadline be extended two weeks, until September 28, 2020 (Docket No. 32, pp. 14, 35, 37). They pointed out that the CEE already permits registration for other categories of individuals eligible for absentee voting until October 4, 2020, and thus, any administrative hurdles associated with allowing senior citizens to register until September 28th will likely be minimal and can be addressed during this process. Id. at 35. Reference to "October 4, 2020" appears in the Spanish-version of the early vote application (Docket No. 32-B) – not in the English version (Docket No. 34-3) – and is limited to voters who became aware after the deadline that they would not be in Puerto Rico on election day, a category of early voting expressly recognized in Article 9.37 of the Electoral Code. See, Article 9.37 (e) of Electoral Code (recognizing eligibility of this particular voter category for early vote). Senior citizens are not in that category.

At any rate, it stands to reason that the CEE needs time to review the early vote applications before certifying voter eligibility and remitting ballots on time for those ballots to be cast. In that regard, a ten-day extension – until September 24, 2020 – for senior citizens to apply for early voting is apt. The extension adequately balances the rights of senior citizens with the operational needs of the CEE. Defendants presented no evidence that any extension in the deadline – even the 14-day extension that plaintiffs advocated for – would significantly impair the CEE's internal processes or unreasonably interfere with the CEE's work plans. Thus, the extension would impose only a minimal burden while potentially affording senior citizens the opportunity to exercise their franchise by safely voting by mail. As a corollary, however, a meaningful orientation advertising campaign is necessary in order to inform senior citizens of their right to vote early by mail, and of the adjusted deadline to apply for early vote.

Case 3:20-cv-01432-PAD   Document 42   Filed 09/14/20   Page 12 of 13

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 12

Defendants assert that plaintiffs can only request a remedy for themselves and not for third parties (Docket No. 34, p. 11). The hurdle defendants face is that plaintiff did complain of restrictions on the voting rights of senior citizens and expressly ask for court relief to those in that category. See, Complaint (Docket No. 1, ¶¶ 3, 10, 57, 59, 61, 65, 66, p. 26); "Plaintiffs' Memorandum of Law in Support of Their Emergency Motion for a Temporary Restraining Order and Declaratory and Injunctive Relief" (Docket No. 2, pp. 11, 12, 18, 24, 25, 26, 29, 30, 32, 34, 35). Besides, class certification is unnecessary, as the nature of the right asserted – the right to vote – under the U.S. Constitution, necessarily requires that "any declaratory or injunctive relief run to all persons similarly situated." Cromwell v. Kobach, 199 Fed.Supp.3d 1292, 1314-1315 (D.Kan. 2016)(articulating formulation in connection with challenge to a state voter registration requirement, noting that benefits of certification were minimal as compared to the burdens).

Finally, as for plaintiffs' remaining request, they did not accredit the need for an order requiring defendants to identify voters over sixty years of age as individuals eligible to vote by early voting and absentee ballot during the COVID-19 pandemic. In consequence, their request for an order to that effect must be denied.

## IV.   CONCLUSION

In light of the foregoing, plaintiffs' request for preliminary injunction was GRANTED IN PART:

(1) To recognize senior (60+) citizens the right to early voting by mail, and to extend until September 24, 2020, the deadline for those voters to apply for early voting;

(2) The measure shall be accompanied by a media orientation campaign to apprise senior citizens of this right and modified deadline. The information shall be posted on the

Ocasio, et al. v. Comisión Estatal de Elecciones, et al.
Civil No. 20-1432 (PAD)
Opinion and Order
Page 13

CEE's website, and incorporated in the early voting application form to be used by senior citizens. To prevent confusion, the orientation shall finalize after September 24, 2020.

Given that plaintiffs did not accredit the need for an order requiring defendants to identify voters over sixty years of age as individuals eligible to vote by early voting and absentee ballot during the pandemic, their request for an order along this line is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of September, 2020.

<u>s/Pedro A. Delgado-Hernández</u>
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge