## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BELIA ARLENE OCASIO, ET AL.** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO.  20-1432 (PAD)** |
| **COMISION ESTATAL DE ELECCIONES, ET AL.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Having reviewed plaintiffs' "Motion in Compliance with Court Order (DE 44)" (Docket No. 48), and defendants' "Motion in Compliance with Docket No. 44" (Docket No. 47), the preliminary injunction issued earlier in the litigation is converted into a permanent injunction and the ruling denying voter lists entered as a definite ruling as applied to this case.

### I.      INTRODUCTION

Plaintiffs initiated this action seeking, *inter alia*, preliminary and permanent injunctive relief (Docket No. 1).  On September 11, 2020, the court granted in part plaintiffs' request for a preliminary injunction under the First and Fourteenth Amendments, according voters 60 or more years of age (senior citizens) the right to early vote by mail in the electoral event to be held in Puerto Rico in November 2020; extending by ten days – until September 24, 2020 – the deadline for senior citizens to apply for early voting; and requiring defendants to conduct a media orientation campaign during the intervening period to apprise senior citizens of this right and modified deadline.

On September 14, 2020, the court issued an Opinion and Order setting forth the grounds for the ruling, additionally requiring that information on early voting by mail and modified deadline be posted on the CEE's website and incorporated in the early voting application form to be used by senior citizens.  Further, it denied plaintiffs' request for an order directing defendants to produce a list of senior citizens eligible for early and absentee voting.

On September 17, 2020, the court ordered the parties to show cause as to why the court should not convert the preliminary injunction, which is limited to the November 2020 electoral event, to a permanent one and enter judgment accordingly; and dispose of as the definitive ruling in this case, the one regarding the list of senior citizens eligible for absentee and early voting.

## II.    DISCUSSION

Where a plaintiff seeks permanent injunctive relief, "the test is the same as for preliminary injunctive relief, except that the movant must show actual success on the merits of the claim, rather than a mere likelihood of success."  Siembra Finca Carmen v. Secretary of Department of Agriculture, 437 F.Supp.3d 119, 137-138 (D.P.R. 2020)(quoting Caroline T. v. Hudson School Dist., 915 F.2d 752, 755 (1st Cir. 1990)).  In response to the court's show cause order, defendants state that in the Joint Motion in Compliance filed on September 18, 2020, they informed the court the extent of the compliance with the Order that the CEE post on its website, advertising of the new deadline of September 24, 2020 for senior citizens (60+) to request advance vote by mail, and the CEE has an ample media orientation campaign to appraise senior citizens of this right and modified deadline (Docket No. 45-1).  As to the early-vote application form, they incorporate the position stated in the Joint Motion in Compliance at Docket No. 45 (Docket No. 47, p. 7).  They posit that considering these arguments, as well as defendants' compliance with the relief requested

for the November 2020 elections due to the pandemic, a permanent injunction limited to the November 2020 electoral event is not warranted.  Id.

With this backdrop, the issues have been fully briefed.  No new arguments have been raised on the substance of plaintiffs' claim.  With the exception of the request for voter lists, plaintiffs have succeeded on the merits of their claim.  It can hardly be doubted that the balance of hardships runs in their favor.  They do not seek monetary damages and have no other remedy at law.  While evidence of compliance with the preliminary injunction has been submitted to the court's satisfaction, the public interest would not be disserved by a permanent injunction, limited to the items specifically covered by the preliminary injunctive previously entered, and confined to the November 2020 electoral event.  Under these conditions, plaintiffs' request for permanent injunction must be granted.

As for lists of voters, at the preliminary injunction stage the court denied plaintiffs' request given that they did not accredit their need for it.  Their response to the show cause order is silent on this item.  In consequence, the court's original ruling on this issue stands as definitive, narrowed to this case.

### III.    CONCLUSION

For the reasons stated, plaintiffs' request for a permanent injunction is GRANTED IN PART.  Their request for voting lists is DISMISSED.  Judgment shall enter accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of September, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE