## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BELIA ARLENE OCASIO and EFRAÍN COLÓN DAMIANI,<br><br>   *Plaintiffs*,<br><br>   v.<br><br>COMISIÓN ESTATAL DE ELECCIONES and FRANCISCO ROSADO COLOMER, in his official capacity as President of the Comisión Estatal de Elecciones,<br><br>   *Defendants*. | Civil Action No. 3:20-cv-01432-PAD |

**MOTION FOR ATTORNEYS' FEES AND COSTS**

**TO THE HONORABLE COURT:**

  COME NOW the Plaintiffs, by and through their undersigned counsel, and respectfully state and pray:

**I.  Introduction**

  On September 23, 2020, this Court converted the preliminary injunction into a permanent injunction and closed the case. (D.E. 49, 50). The voting registration deadlines have now passed and Defendants have not appealed the decision. Thus, as the prevailing party pursuant to the Civil Rights Act, 42 U.S.C. § 1983, Plaintiffs are entitled to seek an award of reasonable attorneys' fees and costs under the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988.

**II.	Standard of Law**

Congress enacted the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. §1988, authorizing the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation." *Hensley* v. *Eckerhart*, 461 U.S. 424, 429 (1983). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Id.* Section 1988(b) states that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Both the legislative history and case law since the enactment of Section 1988 indicate that fees should be awarded to successful plaintiffs absent unusual circumstances. *See Williams* v. *Hanover Housing Authority*, 113 F.3d 1294, 1300 (1st Cir. 1997).

In adjudicating a request for attorney fees, the Court needs to determine whether: (1) a party is in fact a "prevailing party"; (2) the compensation sought is reasonable (i.e. calculation of the lodestar); and (3) there are any additional but exceptional considerations that may require to adjust upward or downward. *See Hensley*, 461 U.S. at 433–34.

**III.	Argument**

    **A.	Plaintiffs Are the Prevailing Party and Are Thus Entitled to an Award of Attorneys' Fees and Costs**

"A plaintiff is a prevailing party if he has succeeded on any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." *Rosario–Urdaz* v. *Rivera–Hernandez*, 451 F. Supp. 2d 305, 308 (D.P.R. 2006) (citing *Texas State Teachers Assoc.* v. *Garland Indep. School District*, 489 U.S. 782, 791–92 (1989)). Once a plaintiff meets this threshold, the district court must then determine what fee is reasonable. *See Hensley*, 461 U.S. at 433.

There can be no question that Plaintiffs are the prevailing party. On September 11, 2020, the Court granted Plaintiffs' preliminary injunction motion. (D.E. 38). In the accompanying Opinion and Order, the Court granted Plaintiffs requests that Defendants allow senior citizens (individuals over the age of sixty) the right to early voting by mail and to extend the deadline for registration for these voters until September 24, 2020. The Court also ordered Defendants—as requested by Plaintiffs—to engage in a robust media campaign to apprise senior citizens of this new right and the extended deadline. (D.E. 42). The following Monday, the Commission met and decided not to appeal the Court's decision.[1] On September 23, 2020, the Court granted Plaintiffs request for a permanent injunction. (D.E. 49). In its Memorandum and Order, the Court noted that Plaintiffs had "succeeded on the merits of their claim," with the exception of the ancillary request for voting lists—which Plaintiffs had not continued to pursue (*see* D.E. 32)—and closed the case. Having won a permanent injunction granting the majority of the relief sought, Plaintiffs are clearly prevailing parties. *See Hensley*, 461 U.S. at 433 (A party prevails "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."); *Esso Standard Oil Co. (Puerto Rico) v. Lopez Freyes*, 577 F.Supp.2d 553, 556 (D.P.R. 2008) (finding a party prevailing where they had obtained a permanent injunction on the grounds articulated in the complaint).

**B.   Plaintiffs Should be Awarded Reasonable Attorneys' Fees and Costs in Connection with Obtaining the Order**

When a court determines that the plaintiff is a "prevailing party," the plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award

---

[1] *Comisionados No Descartan Apelar Decision Federal Sobre Voto Adelantado*, METRO (Sept. 14, 2020), https://www.metro.pr/pr/noticias/2020/09/14/comisionados-no-descartan-apelar-decision-federal-voto-adelantado.html.

unjust." *Hensley*, 461 U.S. at 429 (citation omitted).  Thus, the successful civil rights litigant will be presumptively entitled to an award of attorneys' fees.  *Id.* at 429; *see also Casa Marie Hogar Geriatrico, Inc.* v. *Rivera–Santos*, 38 F.3d 615, 618 (1st Cir. 1994).

Pursuant to 42 U.S.C. § 1988, courts generally employ the lodestar method to calculate fees.  *Spooner* v. *EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011); *Bogan* v. *City of Boston*, 489 F.3d 417, 426 (1st Cir. 2007).  Under this method, "the court must determine the hours reasonably expended on the litigation, multiplied by a reasonable hourly rate."  *Colon-Marrero* v. *Conty-Perez*, No. CV 12-1749 (CCC), 2017 WL 1088282, at *4 (D.P.R. Mar. 22, 2017).

Here, the lodestar is $67,680, which is based on a total of 225.8 hours billed by Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") attorneys, at hourly rates ranging from $150 to $300; 40.6 hours billed by the two attorneys from the American Civil Liberties Union of Puerto Rico, at hourly rates ranging from $250 to $300; and 34.4 hours billed by the attorney from the American Civil Liberties Union Foundation at an hourly rate of $250.  Declaration of Lissette Duran ("Duran Decl.") ¶21, attached hereto as Exhibit 1; ACLU PR Timesheet and Statement of Costs ("ACLU PR Fees and Costs"), attached hereto as Exhibit 2; Cepede Derieux Timesheet, attached hereto as Exhibit 3.[2]

### 1.     The Time Spent Litigating this Case is Reasonable

The lodestar, once calculated, "represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances." *Id*. (citing *Blum* v. *Stenson*, 465 U.S. 886, 897 (1984).  For example, the Court may discount time spent in litigating failed

---

[2]   Plaintiffs' costs incurred through the date of the Permanent Injunction are $2,932.03.  ACLU PR Fees and Costs at pp. 4-5.

4

claims. *Torres-Rivera* v. *O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008). Here, however, Plaintiffs prevailed on all claims; the Court denied only one element of the requested relief, which was not pursued and did not require any additional time to litigate.

Attorneys are also required to exercise "billing judgment" in seeking a fee award, *Hensley*, 461 U.S. at 433, and the hours used to calculate the lodestar may be adjusted downward if the court finds any of the time spent by counsel to be "duplicative, unproductive, excessive, or otherwise unnecessary." *Lipsett* v. *Blanco*, 975 F.2d 934, 937 (1st Cir. 1992) (citation omitted).

While Plaintiffs are seeking reimbursement of attorneys' fees incurred by a number of attorneys from several entities acting as co-counsel, this was necessitated by the time-sensitive and specialized nature of this matter. In the context of this case, the number of attorneys involved is reasonable and not inefficient, as each provided different areas of expertise and completed work most suited to their skills and knowledge. The attorney from the American Civil Liberties Union Foundation ("ACLU") provided expertise in voting rights litigation nationwide, particularly in the context of the COVID-19 pandemic. The attorneys from the American Civil Liberties Union of Puerto Rico ("ACLU PR") provided expertise in local voting laws and conducted the on-the-ground fact gathering. Attorneys from the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") have significant experience in complex litigation, and did the bulk of the legal research and drafting. Duran Decl. ¶¶ 3-14. Moreover, Plaintiffs have taken steps to avoid seeking any fees that might be deemed excessive: (1) Plaintiffs are not seeking reimbursement of the approximately $11,241 in fees incurred by attorneys who provided initial support, paralegals, and other support staff; and (2) Plaintiffs' counsel have excluded any time that was deemed insufficiently documented or primarily administrative. Duran Decl. ¶¶ 18-19. Finally, Plaintiffs

have also limited costs, only seeking pro hac vice admission for the more senior attorneys on the Paul, Weiss team.

The total time spent by Plaintiff's counsel for which they are seeing reimbursement is as follows:

| Organization | Number of Hours |
|---|---|
| Paul, Weiss | 225.8 |
| ACLU | 34.4 |
| ACLU PR | 40.6 |
| **TOTAL:** | 300.8 |

**2.     The Rates Requested are Reasonable**

Generally, reasonable fees are calculated based on prevailing market rates in the relevant community. *Blum*, 465 U.S. 886 at 895. What hourly rate is considered reasonable may vary based on a number of factors, including the nature of the work, the locality in which it is performed, and the qualifications of the attorneys. *U.S.* v. *One Star Class Sloop Sailboat*, 546 F.3d 26, 38 (1st Cir. 2008).

Each of the attorneys who worked on this case is highly qualified. Plaintiffs' litigation team was led by Adriel I. Cepeda Derieux of the ACLU, Fermín L. Arraiza-Navas and Mayté Bayolo-Alonso of the ACLU PR, and Lissette Duran of Paul, Weiss.

Mr. Cepeda Derieux is a Senior Staff Attorney in the Voting Rights Project of the ACLU, a nonprofit organization that has litigated countless civil and voting rights cases, both in Puerto Rico and nationwide. Mr. Cepeda Derieux has successfully litigated numerous challenges to discriminatory barriers to voting, including during the COVID-19 pandemic. For example, this year Mr. Cepeda Derieux served as lead counsel in *Mary T. Thomas, et al.* v. *Marci Andino, et al.*,

No. 20-cv-01552 (D.S.C.), and *Michael Collins, et al.* v. *Michael Adams, et al.*, No. 20-cv-00375 (W.D. Ky.), challenging election restrictions in the context of the COVID-19 pandemic in South Carolina and Kentucky, respectively. In May, the district court presiding over *Thomas* preliminarily enjoined South Carolina's requirement that voters casting absentee ballots in South Carolina's June primary have someone come close enough to the voter to "witness" them voting their ballot. *See Thomas v. Andino*, -- F. Supp. 3d --, No. 20-cv-01552, 2020 WL 2617329 (May 25, 2020). In Kentucky, the parties dismissed *Collins* by joint stipulation once the State implemented various changes to its election procedures. Mr. Cepeda Derieux also participated in *League of Women Voters of Virginia, et al.* v. *Virginia State Bd. of Elections*, No. 20-cv-00024 (W.D. Va.), which resulted in consent judgments lifting Virginia's "witness signature" requirement during the State's 2020 primary and general elections. *See League of Women Voters of Va.* v. *Va. State Bd. of Elections*, --- F. Supp. 3d ---, No. 20-cv-0024, 2020 WL 4927524, at *9 (W.D. Va. Aug. 21, 2020); *League of Women Voters of Va.* v. *Va. State Bd. of Elections*, No. 20-cv-00024, 2020 WL 215824, at *4 (W.D. Va. May 5, 2020).

From 2011 to 2012, Mr. Cepeda Derieux worked as a law clerk for the Honorable Juan R. Torruella in the U.S. Court of Appeals for the First Circuit. Cepeda Derieux Curriculum Vitae, attached hereto as Exhibit 4. From 2012 to 2013, he worked as a law clerk for the Honorable Theodore A. McKee in the U.S. Court of Appeals for the Third Circuit, and from 2013 to September 2018, he worked as a litigator in private practice. *Id.* Mr. Cepeda Derieux is presently engaged in voting rights litigation in various federal and state trial and appellate courts, including: (i) *Trump* v. *New York*, No. 20-366 (U.S.) (challenging Trump Administration's declared policy of excluding undocumented immigrants from census numbers used to apportion seats in Congress); (ii) *Common Cause Indiana* v. *Lawson*, No. 20-2816 (7th Cir.) (challenging Indiana's

use of database to remove voters from State's rolls); (iii) *Trump* v. *Boockvar*, No. 20-cv-0966 (W.D. Pa.) (representing various intervenor voting rights organization defendants against Trump Campaign's challenge to Pennsylvania voting procedures); and (iv) *League of Women Voters of N.Y. State* v. *N.Y. State Board of Elections*, No. 160342/2018 (1st App. Dep't) (challenging New York's 25-day registration deadline under State's constitutional right to vote).

Mr. Arraiza-Navas and Ms. Bayolo-Alonso are the Legal Director and Legislative Attorney at the ACLU PR, respectively. The ACLU PR is a non-profit organization that has extensive experience litigating on behalf of Puerto Ricans. For example, the ACLU PR has recently litigated matters related to civil rights violations, excessive use of force, preliminary injunction, First Amendment violations, and voting rights.[3]

Mr. Arraiza-Navas was admitted to the bar of the U.S. District Court for the District of Puerto Rico in 2000. In his 20 years of practice, Mr. Arraiza Navas has litigated many cases in the District of Puerto Rico. From 2000 to 2002, he litigated cases involving the First Amendment, protests and civil disobedience encampments in Vieques relating to conflicts with the U.S. Naval facility, due process rights, and environmental issues.[4] In November 2003, Mr. Arraiza-Navas

---

[3] *See, e.g.*, *Rivera Cruz, et al v. Caldero López, et al*, Civ. No. 16-04269 (SCC); *Marrero-Méndez v. Pesquera, et al.*, Civ. No. 13-01203 (JAG); *Hernández Zorrilla v. Rosselló Nevares, et al.*, Civ. No. 19-1397 (SCC); *Carrasquillo-González v. Rosselló Nevares, et al.*, Civ. No. 19-1414 (JAG); *Rodríguez Cotto, et al v. Vázquez-Garced*, Civ. No. 20-1235 (PAD).

[4] Case numbers: 00-cr-00155-DRD-1; 00-cr-00155-DRD-2; 00-cr-00166-HL-1; 00-cr-00170-HL-1; 00-cr-00373-PG-1; 00-cr-00459-HL-1; 00-cr-00491-DRD-1; 00-cr-00517-SEC-1; 00-cr-00534-PG-1; 00-cr-00535-PG-1; 00-cr-00538-PG-1; 00-cr-00541-PG-1; 00-cr-00548-JAF-1; 00-cr-00566-SEC-1; 00-cr-00591-JAG-1; 00-cr-00593-JAG-1; 00-cr-00594-JAG-1; 00-cr-00702-SEC-1; 00-cr-00768-DRD-1; 00-cr-00790-JAF-1; 00-cr-00794-JAF-1; 01-cr-00191-JAG-1; 01-cr-00206-DRD-1; 01-cr-00284-JAF-1; 01-cr-00324-JAF-1; 01-cr-00337-JAF-ADC-1; 01-cr-00344-JAG-ADC-1; 01-cr-00345-JAF-ADC-1 through 01-cr-00349-SEC-ADC-1; 01-cr-00424-JAG-1; 01-cr-00426-JAG-1; 01-cr-00427-JAG-1; 01-cr-00450-SEC-1; 01-cr-00478-JAG-1; 01-cr-00480-JAG-1; 01-cr-00542-DRD-1; 01-cr-00544-DRD-1; 01-cr-00545-DRD-1; 01-cr-00586-SEC-GAG-1; 01-cr-00693-JAF-1; 01-cr-00693-JAF-2; 01-cv-01579-JAG; 02-cr-00236-ADC-1 through 02-cr-00238-ADC-1; 02-cr-00464-PG-JAC-3.

joined the Civil Action and Education Corporation, where he litigated cases involving inmates' civil rights.[5]  He also litigated matters relating to international child abduction and claims under the Hague Convention.[6]  From 2011 to 2018, Mr. Arraiza-Navas primarily litigated matters relating to Social Security fraud, money seizure, and labor law, among others.[7]  Arraiza-Navas Curriculum Vitae, attached hereto as Exhibit 5.

Ms. Bayolo-Alonso also has extensive litigation experience.  Prior to joining the ACLU PR in 2019, Ms. Bayolo-Alonso spent over five years working as a public defender, representing clients throughout the criminal process, including in appeals.  Since joining the ACLU PR, she has become the lead attorney on the ACLU PR's voting rights campaign, and has gained significant knowledge regarding the conditions faced by Puerto Rico voters today.  Bayolo-Alonso Curriculum Vitae, attached hereto as Exhibit 6.

Ms. Janghorbani, who supervised the Paul, Weiss team, has extensive experience in complex commercial litigation as well as in litigating civil rights matters.  Duran Decl. ¶¶ 5-6.  The remaining members of the Paul, Weiss team, including Lissette Duran, who led the day-to-day work on this case, have experience in a wide range of litigation matters, including commercial litigation, internal investigations, and pro bono matters, including voting rights cases.  *Id.* at ¶¶ 3-4, 8-11.

---

[5]  *See, e.g.*, *Jean Delgado Robles v. Zoé Laboy Alvarado*, Civ. No. 02-1483 (DRD)

[6]  *See, e.g.*, *Republic of Argentina, et al v. Pozzaglio-Bled, et al*, Civ. No. 03-2369 (CCC).

[7]  *See, e.g.*, *FARB v. Pérez Riera, et al*, Civil No. 12-01772 (GAG-BJM); *Eliud Oyola Díaz, et al v. Radio Shack Corporation*, Civil No. 13-01629 (GAG-SCC).

The following charts show the names, bar admission dates, customary hourly rates, and hourly rates being sought for each lawyer whose time is included in Plaintiffs' fee application, as well as the number of hours included in this fee application:

| Attorney | Year of Bar Admission | Hours Incl. in Motion | Customary Hourly Rate | Reduced Rate Sought | Total |
|---|---|---|---|---|---|
| Fermín Arraiza-Navas (ACLU PR) | 2000 | 19.0 | N/A | $300 | $5,700 |
| Jaren Janghorbani (PW) | 2005 | 12.6 | $1,410 | $300 | $3,780 |
| Adriel Cepeda Derieux (ACLU) | 2011 | 34.4 | N/A | $250 | $8,600 |
| Mayté Bayolo-Alonso (ACLU PR) | 2012 | 21.6 | N/A | $250 | $5,400 |
| Lissette Duran (PW) | 2015 | 115.2 | $1,020 | $225 | $25,920 |
| Makiko Hiromi (PW) | 2012 | 61.7 | $980 | $200 | $12,340 |
| Juan Gascon (PW) | 2018 | 7.5 | $880 | $175 | $1,312.50 |
| Lilibeth Clelo (PW) | 2018 | 12.3 | $880 | $175 | $2,152.50 |
| Federico Varni (PW) | 2019 | 16.5 | $775 | $150 | $2,475 |
| TOTAL | | 300.8 | | | $67,680 |

Courts in this district have found rates of $250 to $350 for experienced attorneys, $150 to $225 for associates, and $100 for law clerks and paralegals to be reasonable. *Skytec, Inc.* v. *Logistic Sys., Inc.*, Civ. No. 15-2104, 2019 WL 1271459 at *5 (D.P.R. Mar. 15, 2019), amended on reconsideration, 2019 WL 2246775 (D.P.R. May 23, 2019) (collecting cases); *Guillemard-Ginorio* v. *Contreras*, 603 F. Supp. 2d 301, 313-317 (D.P.R. 2009) (finding rates of $350 for out-of-state counsel with decades of experience and $225 per hour for out-of-state associate who had

three to seven years' experience during pendency of case to be reasonable). The rates requested by Plaintiffs' counsel fall squarely within these ranges, and, for many of the attorneys, are significantly reduced from their ordinary hourly rates.[8]  Duran Decl. ¶¶ 21-22.

### C. Exceptional Circumstances and Results Obtained in this Case Warrant a Grant of All Requested Fees

Attorneys' fees may be adjusted upward where exceptional or unexpected results are obtained. *See Hensley*, 461 U.S. at 435; *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950-51 (1st Cir. 1984). Here, both the circumstances and the outcome are exceptional and would warrant an upward adjustment to the fees. Rather than seek such an upward adjustment, however, Plaintiffs seek merely a grant of the full amount of their requested fees, which, as noted above, are already at a considerable discount from the rates ordinarily charged by their attorneys.

This case was brought during, and because of, a global pandemic, and sought to protect the fundamental right to vote for voters over the age of 60, who comprise approximately 23% of Puerto Rico's voter population. *See* TRO Br. at 15. Although early voting had been expanded for the primaries held in August, 2020, Puerto Rico had not implemented any measures to allow senior citizens to vote in the general election by any means other than in person on election day, forcing them to choose between risking their lives, or forgoing their right to vote. As a result of this litigation, senior citizens became eligible for early voting in the general elections. More notably, however, this Court ordered that senior citizens be allowed to vote early *by mail*, marking the first time in Puerto Rico history that voters physically present on the island on election day have been

---

[8] Mr. Arraiza-Navas was previously approved for attorneys' fees at a rate of $200 an hour in 2011 in *Carlos Morales Feliciano v. Governor of Puerto Rico*, Civ. No. 79-004 (PG), based on his 11 years of experience at the time. Courts in this District have found an increase of up to $20 for every 2 years of experience to be appropriate. *Colon-Marrero v. Conty-Perez*, Civ. No. 12-1749-CCC, 2017 WL1088282 at *5 (D.P.R. Mar. 22, 2017).

11

permitted to cast their ballots by mail.  Plaintiffs further won an extension to the deadline to apply for early and mail-in voting, enabling senior citizens to take advantage of the last-minute eligibility changes.  Such historic results, which serve to both protect the lives and right to vote of Puerto Rico's senior citizens, undoubtedly constitute exceptional results warranting at least awarding of the full amount, if not an upward adjustment, of Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiffs respectfully request that this Court award attorneys' fees and costs sought herein.

| | |
|---|---|
| Dated: November 2, 2020<br>San Juan, Puerto Rico | Respectfully submitted:<br><br>/s/ Fermín L. Arraiza-Navas<br>Fermín L. Arraiza-Navas<br>#215705<br>farraiza@aclu.org<br>(787) 966-3133<br><br>Mayté Bayolo-Alonso*<br>mbayolo@aclu.org<br>(787) 448-5544<br><br>American Civil Liberties Union<br>of Puerto Rico<br>Union Plaza, Suite 1105<br>416 Avenida Ponce de León<br>San Juan, Puerto Rico 00918<br>(787) 753-9493<br>*Of Counsel<br><br>Adriel I. Cepeda Derieux**<br>Dale E. Ho**<br>Theresa J. Lee**<br>American Civil Liberties Union Foundation<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Phone: (212) 549-2500<br>acepedaderieux@aclu.org<br>dho@aclu.org<br>tlee@aclu.org<br>Jaren Janghorbani***<br>Lissette A. Duran**<br>Makiko Hiromi**<br>Juan Gascon***<br>Paul, Weiss, Rifkind, Wharton &<br>  Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Phone: (212) 373-3000<br>jjanghorbani@paulweiss.com<br>lduran@paulweiss.com<br>mhiromi@paulweiss.com<br>**Admitted *pro hac vice*<br>****Pro hac vice* application forthcoming |

## **CERTIFICATION**

I hereby certify that I filed the within document via the ECF system on November 2, 2020, and that it is available for viewing and downloading to all counsel of record and that I provided the within documents by email on November 2, 2020 to:

P.R. DEPARTMENT OF JUSTICE
FEDERAL LITIGATION DIVISION
**Idza Diaz-Rivera**
P.O. Box 9020192
San Juan, PR 00902-0192
Email: idiaz@justicia.pr.gov

                                          /s/ Fermín L. Arraiza-Navas
                                          Fermín L. Arraiza-Navas