# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BELIA ARLENE OCASIO, et al.** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL NO. 20-1432 (PAD)** |
| **COMISIÓN ESTATAL DE ELECCIONES, et al.** | |
| **Defendants** | |

## RESPONSE IN OPPOSITION TO MOTION FOR ATTORNEY'S FEES AND COSTS

**TO THE HONORABLE COURT:**

Come now the defendants through their undersigned attorney, without waiving any right or defense arising from Title III of *Puerto Rico Oversight, Management and Economic Stability Act* ("PROMESA"), 48 U.S.C. §§2101 *et seq.*, the Commonwealth's Petition under said Title or under this case, and very respectfully allege and pray as follows:

## INTRODUCTION

On September 23rd, 2020, this Honorable Court entered the Judgment in the instant case. [Docket No. 50]. On November 2nd, 2020, Plaintiffs filed a Memorandum in Support of Plaintiffs' Attorney's Fees and Costs. [Docket No. 51]. For the reasons that follow, the appearing Defendants respectfully request this Honorable Court to DENY Plaintiffs' request for attorney's fees.

## ARGUMENT

Fed.R.Civ.P. 54(d)(2)(B)(1) provides that "[u]nless a statute or a court order provides otherwise, the motion must be filed no later than 14 days after the entry of judgment". In the

instant case Judgment was entered on September 23rd, 2020 and there is no Court order on the record that provided a different timeframe for filing of Plaintiffs' attorneys' fees. Plaintiffs filed their Memorandum in Support of Attorneys' Fees forty (40) days after this Honorable Court entered the Judgment in the instant case. Plaintiffs had until October 7th, 2020 to timely file their Memorandum in Support of Attorneys' Fees and failed to do so, filing said Memorandum twenty-six (26) days after the expiration of the term mandated by the Federal Rules of Civil Procedure. Being that Plaintiffs' Memorandum in Support for Attorney's Fees was untimely filed, the appearing Defendants respectfully request that the Honorable Court DENY said Memorandum.

Even though the appearing Defendants contend that Plaintiff's Memorandum for Attorneys' Fees must be denied for untimely filed, the appearing Defendants proceed to argue their opposition.

The Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U.S.C § 1988, provides, in relevant part:

> " In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 …, or title VI of the Civil Rights Act of 1964 …, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

To determine reasonable attorney's fees, we begin by calculating the lodestar, the number of hours reasonably worked multiplied by fair hourly rates. *See* Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011). The court should "calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and … apply prevailing rates in the community. Id. The lodestar figure can then be adjusted based on the individual factors of the particular case, such as "the results obtained and the time and labor actually required for the efficacious handling of the matter." Torres-Rivera v. O-Neill-Cancel, 524 F.3d 331, 336 (1st

Cir. 2008) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 n.3, 434 n.9). Reasonableness "is largely a matter of informed judgment". <u>Id.</u> When determining the reasonable amount of hours, we may disallow hours that are "excessive, redundant, or otherwise unnecessary[,]" or time entries that are "insufficiently documented." <u>Hensley</u>, 461 U.S. at 433-34. Additionally, we must look at whether time records have been kept in satisfactory detail "to permit a court to answer questions about excessiveness, redundancy, and the link." <u>Torres-Rivera</u>, 524 F.3d at 336.

"[A] court should not hesitate to discount hours if it sees signs that a prevailing party has overstaffed a case." <u>Gay Officers Action League v. Puerto Rico</u>, 247 F.3d 288, 297 (1st Cir. 2001) (citing <u>Hart v. Bourque</u>, 798 F.2d 519, 523 (1st Cir. 1986)). Subject to principles of interconnectedness, see e.g., <u>Lipsett v. Blanco</u>, 975 F.2d 934, 940-41 (1st Cir. 1992), the court may disallow time spent in litigating failed claims. <u>Torres-Rivera</u>, 524 F.3d at 336. It may also adjust the lodestar itself, upwards or downwards, based on any of several different factors, including the results obtained and the time and labor actually required for the efficacious handling of the matter. <i>See</i>, <u>Hensley</u>, 461 U.S. at 430 n.3, 434 n.9, 103 S.Ct. 1933; <u>Coutin v. Young & Rubicam P.R., Inc.</u>, 124 F.3d 331, 337 (1st Cir. 1997).

Of particular pertinence for present purposes, time records may be too generic and, thus, insufficient as a practical matter to permit a court to answer questions about excessiveness, redundancy, and the like. In that event, the court may either discount or disallow those hours. <u>Torres-Rivera</u>, 524 F.3d at 336 (citing <u>Tenn. Gas Pipeline Co. v. 104 Acres of Land</u>, 32 F.3d 632, 634 (1st Cir. 1994); <u>Gay Officers Action League v. Puerto Rico</u>, 247 F.3d 288, 297 (1st Cir. 2001) (warning that failure to keep time records "in reasonable detail" is apt to "have deleterious consequences")).

The appearing Defendants respectfully contend that Plaintiffs' request for attorneys' fees, besides being inexcusably untimely, is excessive and contains duplicative and requests for failed claims. Defendants also contend that this case was not comprised of complex claims which would explain it being overstaffed on Plaintiffs' side Considering the simplicity of Plaintiffs' claims, this Honorable Court should disallow and discount the hours taxed by several of Plaintiffs' attorneys who overstaffed the instant case and duplicated efforts, and now are taxing Defendants for said duplicative efforts. To this extent, the Defendants respectfully request that all attorneys' fees taxed by attorneys (1) Juan Gascon, (2) Lilibeth Clelo, (3) Federico Varni, (4) Makiko Hiromi, and (5) Jaren Janghorbani be disallowed and discounted from Plaintiffs' request of attorneys' fees, totaling the amount of **$22,060.00.**

Plaintiffs' request for attorneys' fees also contain an amount of duplicative efforts. Should the Honorable Court consider allowing certain untimely requested attorneys' fees by overstaffed counsel, the appearing Defendants respectfully contend that several entries must be disallowed and discounted:

A. Review and edit draft of the complaint: Between July 29, 2020 and August 19, 2020 there are seventeen (17) entries for this same task in Document No. 51-1, by different of the attorneys that Defendants respectfully claim are overstaffing the instant case. Plaintiffs are requesting a total of **$13,132.50.** From a review of the remedies requested in the Complaint, it can be concluded that none of them were granted, and therefore were unsuccessful. For all these reasons, this amount for a repetitive, duplicative and unsuccessful must be denied by this Honorable Court.

B. Review, edit and draft of the TRO brief: Several of these entries were made with the previous one, but several others are requested by themselves. Between July 29, 2020

and August 20, 2020 there are a total of thirty (30) entries for this same task in Document 51-1, by different of the attorneys that Defendants respectfully claim are overstaffing the instant case. Plaintiffs are requesting a total of **$24,535.00.**

C.   Unsuccessful claims and/or unnecessary tasks:

1.   For August 14, 2020, attorney Federico Varni taxes a task of Review Supreme Court writ. For this task, attorney Varni is billing **$240.00.**

2.   Motion for Default Judgment: Between August 28, 2020 and September 1, 2020 all of Plaintiffs' counsel are billing for several entries for this Motion. Being that this Motion was denied, all these requests must be denied.

3.   Emergency Motion for Reconsideration: Between September 1, 2020 to September 4, 2020, Plaintiffs' counsel are billing for this task, which was denied by the Honorable Court. Therefore, attorneys' fees for this task must also be denied.

4.   Consent Decree: Between September 8, 2020 to September 9, 2020, Plaintiffs' counsel are billing for drafting a Consent Decree. The undersigned counsel had expressed in the first virtual meeting that Defendants would not be signing a Consent Decree. Settlement was considered, but it was clearly expressed that no consent decree would be signed. Being that the undersigned had been clear as to this, all attorney's fees requested as to a Consent Decree must be denied.

### CONCLUSION

The appearing Defendants respectfully contend that Plaintiffs' request for attorneys' fees must be denied for being untimely. Nonetheless, should the Honorable Court consider

awarding some attorneys' fees, the appearing Defendants request that the Honorable Court denies all those fees requested as above argued.

**WHEREFORE**, Defendants respectfully request the Honorable Court to DENY Plaintiffs' Memorandum for Attorneys' Fees and Costs.

**I HEREBY CERTIFY**:  that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this November 20, 2020.

**INÉS DEL CARMEN CARRAU MARTÍNEZ**
Interim Secretary of Justice

**WANDYMAR BURGOS-VARGAS**
Deputy Secretary in Charge of Litigation

**SUSANA PEÑAGARÍCANO-BROWN**
Director of Federal Litigation and Bankruptcy Division

*S/ Idza Diaz Rivera*
**IDZA DIAZ RIVERA**
U.S.D.C. NO. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel: 787-721-2900 Ext. 1421
Email: idiaz@justicia.pr.gov