IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BELIA ARLENE OCASIO, et al.<br><br>Plaintiffs,<br><br>v.<br><br>COMISIÓN ESTATAL DE ELECCIONES, et al.<br><br>Defendants | CIVIL NO. 20-1432 (PAD) |

**NOTICE OF INJUNCTION PURSUANT TO THE CONFIRMATION ORDER ISSUED BY THE TITLE III COURT**

**TO THE HONORABLE COURT:**

**COMES NOW** the Department of Justice of the Commonwealth of Puerto Rico, through the undersigned attorney, on behalf of Defendants, Comisión Estatal de Elecciones ("CEE" for its Spanish acronym), Jessika Padilla, Acting President, in her official capacity, without waiving any right or defense arising from the Title III of Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA") 48 U.S.C. §§ 2101 et seq., and the Commonwealth's Petition under said Title or under this case, and very respectfully states and prays:

I.     INTRODUCTION

1. On August 20th, 2020, Plaintiffs filed a Complaint, Motion requesting Temporary Restraining Order ("TRO"), and Preliminary Injunction. Plaintiffs alleged that the policies of Defendant CEE regarding early voting for the November 2020 elections only contemplated in-person voting and did not provide for any exceptions for voters over sixty (60) years old, including absentee voting. Plaintiffs further alleged that these restrictive policies were burdensome for all voters over sixty (60) years old due to Covid-19's threat to their health. [Docket Nos. 1 and 2].

2. On September 11th, 2020, Defendants filed a Motion to Dismiss for lack of jurisdiction and Response in Opposition to Motion requesting Preliminary Injunction and answered the Complaint. [Docket Nos. 34 and 35].

3. On that same date, the Court held a Status Conference and granted in part Plaintiffs' request for injunctive relief "to recognize senior (60+) citizens the right to apply for early voting and to extend until September 24, 2020, the deadline for those voters to apply for early voting," and ordered an increase in media orientation during said period. [Docket No. 38].

4. On September 14th, 2020, the Court entered an Opinion and Order granting in part Plaintiffs' request for Preliminary Injunction, later amended on September 16th, 2020. [Docket Nos. 42 and 43].

5. On September 23rd, 2020, the Court entered a Memorandum and Order converting the preliminary injunction into a permanent injunction; entered Judgment granting in part Plaintiffs' request for a permanent injunction; and dismissed their request for voting lists. [Docket Nos. 49 and 50].

6. On November 2nd, 2020, Plaintiffs filed a Motion requesting attorneys' fees in the amount of $67,680.00, and costs. [Docket No. 51].

7. On November 20th, 2020, Defendants responded and moved the Court for a reduction of the attorney's fees based on duplicity of work performed by multiple attorneys and on unsuccessful claims. [Docket No. 53]. On December 2nd, 2020, Plaintiffs replied. [Docket No. 56].

8. On December 26, 2023, the Court granted in part Plaintiffs' request for attorney's fees in the amount of $64,415.00, reducing only the fees for Plaintiffs' efforts in preparing a consent decree that Defendants indicated from day one that they would not sign. [Docket No. 57].

9. On January 23rd, 2024, Defendants moved for Reconsideration of the Court's award of attorney's fees, requesting the amount awarded to be reduced based on Plaintiffs' limited success on their claims, unsuccessful tasks and overstaffing. [Docket No. 58].

10. On March 7th, 2024, Plaintiff filed a response in opposition to Defendants' Motion for Reconsideration. [Docket No. 62].

11. On March 25th, 2024, after an extension of time was granted [Docket Nos. 63 and 66], Defendants filed a Motion for leave to file Reply, tendering their Reply to Plaintiffs' response in opposition, which is pending. [Docket No. 68].

12. To this date, the Motion for Reconsideration filed by Defendants is pending consideration of the Court.

## II. APPLICABILITY OF THE INJUNCTION UNDER PROMESA

13. As this Court is aware, on May 3, 2017 (the "Petition Date"), the Commonwealth, by and through the Financial Oversight and Management Board of Puerto Rico (the "Oversight Board"), as the Commonwealth's representative pursuant to the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") section 315(b), filed a petition with the United States District Court for the District of Puerto Rico (the "District Court") under Title III of PROMESA (the "Title III Case").

14. On January 18, 2022, the District Court—the Title III Court—in charge of restructuring the Commonwealth's debt entered an *Order and Judgment Confirming Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* [Case No. 17-bk-3283-LTS, ECF No. 19813] (the "Confirmation Order"), which confirmed the *Modified Eight Amended Title III Joint Plan of Adjustment of the Commonwealth of*

*Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico, and the Puerto Rico Buildings Authority* [Case No. 17-bk-3283-LTS, ECF No. 19784] (the "Plan"). See **Exhibit A** to this Motion.

      15.    The Confirmation Order, in its Paragraph 59, titled "Injunction on Claims," states that

> Injunction on Claims. Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property. Notwithstanding the foregoing, without prejudice to the exculpation rights set forth in section 92.7 of the Plan and decretal paragraph 61 hereof, nothing contained in the Plan or this Confirmation Order is intended, nor shall it be construed, to be a non-consensual third-party release of the PSA Creditors, AFSCME, and of their respective Related Persons by Creditors of the Debtors.

**Exhibit A,** Docket No. 19813 at p. 67, ¶59 (emphasis in original); see also Docket No. 19813-1 at 197, ¶ 92.3 (*Injunction on Claims*), comprising the same language as ¶ 59 of the Confirmation Order.

16.     Likewise, ¶ 44 of the *Confirmation Order* advises of the need to file a proof of Administrative Expense Claim[1] within 90 days after the effective date of the Plan, providing the following:

> Administrative Claim Bar Date. The last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expense Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date, or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of an administrative expense pursuant to section 503(b) of the Bankruptcy Code as of the entry of this Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

**Exhibit A**, Docket No. 19813 at p. 49, ¶ 44.

---

[1] The Plan of Adjustment defines an Administrative Expense Claim as follows:

> 1.52 **Administrative Expense Claim**: A Claim against the Debtors or their Assets constituting a cost or expense of administration of the Title III Cases asserted or authorized to be asserted, on or prior to the Administrative Claim Bar Date, in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code arising during the period up to and including the Effective Date, and otherwise complying with applicable Puerto Rico law, including, without limitation, subject to the occurrence of the Effective Date, and except as provided in Section 3.5 hereof, Consummation Costs and PSA Restriction Fees; provided, however, that, under no circumstances shall an Administrative Expense Claim include the PBA Administrative Expense Claim.

Docket no. 19813-1 at p. 35

17. In addition, on March 15, 2022, the Effective Date of the Plan, the Oversight Board filed *Notice of (A) Entry of Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to the Title III of PROMESA and (B) Occurrence of the Effective Date* (*Notice*), in which notice was given of the deadline to file Administrative Expense Claims or Administrative Expense Requests. See **Exhibit B,** Case No. 17-bk-3283-LTS, ECF No. 20349. The Notice also informed the methods in which all Administrative Expense Requests should be filed. ECF No. 20349 at 2.

18. As to the deadline for filing the Administrative Expense Claims, the Notice provides the following:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("Administrative Expense Requests") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

**Exhibit B**, Docket No. 20349 at 2.

19. The Notice informs that all those required to file the Administrative Expense Claim pursuant to Section 1.51 and Article III of the Plan and paragraph 44 of the *Confirmation Order* by the June 13, 2022, deadline are enjoined from asserting such Administrative Expense Claim against the debtors and their property. The Notice provides, in its pertinent part, the following:

> **PLEASE TAKE FURTHER NOTICE** that, if you are required to file an Administrative Expense Request pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order and fail to do so by the Administrative Deadline, you will be forever barred, estopped, and enjoined from asserting such Administrative Expense Claim (and from filing an Administrative Expense Request with respect to such Administrative Expense Claim) against the Debtors and their property, and the Debtors and Reorganized Debtors will be forever discharged from any and all indebtedness or liability with respect to such Administrative Expense Claim.

**Exhibit B**, Docket No. 20349 at 3 (emphasis in original).

20. The Commonwealth respectfully requests that this Court take judicial notice of the Confirmation Order, the Plan of Adjustment and the Notice referred to in the prior paragraphs.

21. Since March 15, 2022, the effective date of the Plan, it is hereby informed that there is an *injunction* (¶ 59 of the *Confirmation Order* and section *92.3* of the Plan) in full effect in the present case. This Court lacks jurisdiction to continue the proceedings from the moment the *injunction* at ¶ 59 came into effect.

22. The instant case is a post-petition (May 3, 2017), pre-Plan of Adjustment (March 15, 2022) case against the debtor—the Commonwealth of Puerto Rico—, and its officer in her official capacity, in which the Court granted a monetary award of attorney's fees, to which the *injunction* described in Paragraph 59 of the *Confirmation Order* fully applies. At this time, Plaintiffs' only recourse is the filing of an Administrative Expense Claim before the Title III Court, per the *Confirmation Order* and the Notice, attached hereto.

23. Pursuant to the *Confirmation Order*, this case is stayed and this Court lacks jurisdiction. Therefore, any order to continue the proceedings in the instant case would violate the precepts outlined in the *Confirmation Order* and the Plan of Adjustment. The case will be addressed through the Title III Court pursuant to the Administrative Expense Claims established in the *Confirmation Order* and *Notice.*

**WHEREFORE**, the Commonwealth respectfully requests that the Court take notice of the *injunction* that is currently in force, staying the instant case and depriving this Court of jurisdiction pursuant the *Confirmation Order* and the Plan.

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a digital copy of this document with the Clerk of the Court, who will automatically notify such filing to all parties officially registered in the CM/ECF System.

In San Juan, Puerto Rico, this 6th day of May 2024.

**DOMINGO EMANUELLI HERNÁNDEZ**
Secretary of Justice

**SUSANA I. PEÑAGARÍCANO-BROWN**
Deputy Secretary in Charge of Litigation

**JUAN C. RAMIREZ ORTIZ**
Deputy Undersecretary in Charge of Litigation

*S/ Idza Díaz Rivera*
IDZA DÍAZ RIVERA
USDC No. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Tel. 787-721-2900, Ext. 1421
Email: idiaz@justicia.pr.gov