IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BELIA ARLENE OCASIO, et al. | |
| Plaintiffs, | |
| v. | CIVIL NO. 20-1432 (PAD) |
| COMISIÓN ESTATAL DE ELECCIONES, et al. | |
| Defendants | |

REPLY TO RESPONSE TO NOTICE OF INJUNCTION PURSUANT TO THE CONFIRMATION
ORDER ISSUED BY THE TITLE III COURT

TO THE HONORABLE COURT:

**COMES NOW** the Department of Justice of the Commonwealth of Puerto Rico, through the

undersigned attorney, on behalf of Defendants, Comisión Estatal de Elecciones, Jessika Padilla,

Acting President, in her official capacity, without waiving any right or defense arising from the Title

III of Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA") 48 U.S.C. §§

2101 et seq., and the Commonwealth's Petition under said Title or under this case, and very

respectfully states, avers, and prays as follows:

## I.    INTRODUCTION

On August 20th, 2020, Plaintiffs filed a Complaint, Motion requesting Temporary Restraining

Order ("TRO"), and Preliminary Injunction.[1] Plaintiffs alleged that the policies of Defendant Comisión

Estatal de Elecciones ("CEE") regarding early voting for the November 2020 elections only

contemplated in-person voting and did not provide for any exceptions for voters over sixty (60) years

---

[1] Docket Nos. 1, and 2.

old, including absentee voting.[2] Plaintiffs further alleged that these restrictive policies were burdensome for all voters over sixty (60) years old due to Covid-19's threat to their health.[3]

On September 14th, 2020, the Court entered an Opinion and Order granting in part Plaintiffs' request for Preliminary Injunction, later amended on September 16th, 2020.[4] On September 23rd, 2020, the Court entered a Memorandum and Order converting the preliminary injunction into a permanent injunction; entered Judgment granting in part Plaintiffs' request for a permanent injunction; and dismissed their request for voting lists.[5]

On November 2nd, 2020, Plaintiffs filed a Motion requesting attorneys' fees in the amount of $67,680.00, and costs, which the appearing Defendants opposed, requesting a reduction on the fees requested.[6] On December 26th, 2023, this Court entered an Opinion and Order granting Plaintiffs attorney's fees in the amount of $64,415.00.[7] On January 23rd, 2024, Defendants moved for reconsideration, which Plaintiffs opposed, and Defendants replied.[8] Defendants Motion for Reconsideration is pending.

On May 6th, 2024, Defendants filed a Notice of Injunction pursuant to the Confirmation Order.[9] On June 6th, 2024, Plaintiffs filed a Response to Defendant's Notice of Injunction, arguing that: (1) the Court has jurisdiction to award attorney's fees; and (2) Plaintiff's attorney's fees are not subject to the Confirmation Order's discharge provision since (a) their claim for attorney's fees arose after the Effective Date, and (2) the Commonwealth failed to provide adequate notice.[10]

---

[2] Docket No. 1, ¶¶ 1-3, p 1-2.
[3] Id., ¶¶ 3-4, p. 2.
[4] Docket Nos. 42 and 43.
[5] Docket Nos.49 and 50.
[6] Docket Nos. 51 and 53.
[7] Docket No. 57.
[8] Docket Nos. 58, 62, and 77.
[9] Docket No. 70.
[10] Docket No. 78.

On June 10th, 2024, Defendant requested an extension of time until today to Reply, which was granted by the Court.[11] Defendants hereby maintain that Plaintiffs' contentions are not supported by the applicable law, and the Injunction contained in the Confirmation Order is in full force in the instant case.

## II.     ANALYSIS

### A. The attorney's fees granted by the Court are subject to the Confirmation Order's Discharge provision, and the Injunction provided in the Confirmation Order divests this Court of jurisdiction to award attorney's fees.

Plaintiffs allege that Congress empowered the Court to grant attorney's fees to a prevailing party in Section 1983 cases pursuant to 42 U.S.C. § 1988, and that such jurisdiction does not vanish because Defendants are subject to a Title III bankruptcy plan.[12] Plaintiff bases these contentions on the determination of the First Circuit in Mun. of San Juan v. Puerto Rico, 919 F.3d 565, 575 (1st Cir. 2019), where the Court stated that "[S]tate and federal courts handling nonbankruptcy litigation that is somehow tied to a federal bankruptcy case… [have] concurrent jurisdiction to initially determine whether § 362(a)-(b) stays the proceedings. …" The fact is that the First Circuit refers to the automatic stay that applied prior to the discharge injunction provided in the *Order and Judgment Confirming Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, the Employees Retirement System of the Government of the Commonwealth of Puerto Rico and the Puerto Rico Public Buildings Authority* ("Confirmation Order").[13]

Pursuant to the provisions of paragraph 56 of the Confirmation Order, and section 92.2 of the *Modified Eighth Amended Title III Joint Plan of Adjustment of the Commonwealth of Puerto Rico, et al.*

---

[11] Docket Nos. 79 and 80.
[12] Docket No. 78, p. 5-6.
[13] See 11 U.S.C. § 362.

("Plan"), upon the occurrence of the Effective Date on March 15, 2022, the Commonwealth was afforded a discharge from a broad range of claims and pursuant to section 362(c)(2)(C) of the Bankruptcy Code, the automatic stay was terminated,[14] and was superseded by a permanent injunction that has an effect similar to that of the automatic stay and does not expire.[15]

Paragraph 56 of the Confirmation Order and section 92.2 of the Plan set forth the scope of the discharge that took place on March 15, 2022 (the "Effective Date")[16] :

> (a) Except as expressly provided in the Plan or the Confirmation Order, all distributions and rights afforded under the Plan shall be, and shall be deemed to be, in exchange for, and in complete satisfaction, settlement, discharge and release of, all Claims or Causes of Action against the Debtors and Reorganized Debtors that arose, in whole or in part, prior to the Effective Date, relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets, property, or interests of any nature whatsoever…. **Upon the Effective Date, the Debtors and Reorganized Debtors <u>shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date</u> (including prior to the Petition Date),** and Claims of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code and PROMESA Section 407, **whether or not (a) a proof of claim based upon such Claim is filed or deemed filed under section 501 of the Bankruptcy Code,** (b) such Claim is allowed under section 502 of the Bankruptcy Code and PROMESA Section 407 (or is otherwise resolved), or (c) the holder of a Claim based upon such debt voted to accept the Plan.

---

[14] 11 U.S.C. § 362 (c)(2)(C). See also, In re Financial Oversight and Management Board for Puerto Rico, Case No. 17-03283-LTS, Docket Entry 23878, March 3, 2023, p. 6, n. 6. (The plain language of section 362(c)(2)(C) refers only to cases "under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13" of the Bankruptcy Code. 11 U.S.C.A. § 362(c)(2)(C) (Westlaw though P.L. 117-262). Section 301(d) of PROMESA, however, states that "a reference to 'this title', 'this chapter', or words of similar import in a section of Title 11 made applicable in a case under this subchapter … shall be deemed to be a reference to this subchapter." 48 U.S.C.A. § 2161(d) (Westlaw through P.L. 117-262)). See, In re Financial Oversight and Management Board for Puerto Rico, Case No. 17-03283-LTS, Docket Entry 23878, March 3, 2023, p. 7.

[15] 11 U.S.C. §§ 524(a)(2), 944(b); In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. 286, 293 (D.P.R. 2022); See In re The Financial Oversight and Management Board of Puerto Rico, Case No.17-BK-3283 (LTS), Docket No. 23878, March 27, 2023, at p. 8.

[16] On March 15, 2022, the Effective Date of the Plan, the Oversight Board filed Notice of (A) Entry of Order Confirming Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. pursuant to the Title III of PROMESA and (B) Occurrence of the Effective Date (Notice), in which notice was given of the deadline to file Administrative Expense Claims or Administrative Expense Requests. Case No. 17-bk-3283 (LTS), Docket No. 20349. See Docket No. 188-2.

(b) Except **as expressly provided in the Plan or the Confirmation Order, all Entities shall be precluded from asserting any and all Claims against the Debtors and Reorganized Debtors, and each of their respective Assets, property and rights, remedies, Claims or Causes of Action or liabilities of any nature whatsoever,** relating to the Title III Cases, the Debtors or Reorganized Debtors or any of their respective Assets and property, including any interest accrued on such Claims **from and after the Petition Date,** and regardless of whether any property will have been distributed or retained pursuant to the Plan on account of such Claims or other obligations, suits, judgments, damages, debts, rights, remedies, causes of action or liabilities. In accordance with the foregoing, except as expressly provided in the Plan or the Confirmation Order, **the Confirmation Order shall constitute a judicial determination, as to the Effective Date, of the discharge and release of all such Claims, Causes of Action or debt of or against the Debtors and the Reorganized Debtors pursuant to sections 524 and 944 of the Bankruptcy Code,** applicable to the Title III Case pursuant to Section 301 of PROMESA, <u>and such discharge shall void and extinguish any judgment obtained against the Debtor and Reorganized Debtors and their respective Assets, and property at any time, to the extent such judgment is related to a discharged Claim, debt or liability</u>. As of the Effective Date, and in consideration for the value provided under the Plan, **each holder of a Claim in any Class under this Plan shall be and hereby is deemed to release and forever waive and discharge as against the Debtors and Reorganized Debtors, and their respective Assets and property, all such Claims.**

(Confirmation Order ¶ 56(a) and (b); <u>see also</u>, Plan § 92.2(a) and (b)). [Emphasis added]. Pursuant to these provisions, on March 15, 2022 (the "Effective Date"), the Commonwealth was granted a discharge from a broad range of claims. Because a discharge was granted to the Commonwealth, the automatic stay was superseded by an *injunction* that has an effect similar to the automatic stay and does not expire.[17] 11 U.S.C. §§ 524(a)(2), 944(b); <u>see also</u>, Plan § 92.3; Confirmation Order ¶ 59.

Paragraph 59 of the Confirmation Order, and section 92.3 of the Plan, established the Permanent Injunction on Claims:

<u>Injunction on Claims.</u> Except as otherwise expressly provided in section 92.11 of the Plan, this Confirmation Order, or such other Final Order of the Title III Court that is applicable, **all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of** the Plan or who have held, hold, or in the future hold Claims or any other debt or

---

[17] <u>See</u> <u>In re The Financial Oversight and Management Board of Puerto Rico</u>, Case No.17-BK-3283 (LTS), Docket No. 23878, March 27, 2023, at p. 8.

liability discharged or released pursuant to section 92.2 of the Plan are **permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property,** (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree, or order against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, (c) creating, perfecting, or enforcing any encumbrance of any kind against any of the Released Parties or any of their respective assets or property on account of any Claim or other debt or liability discharged pursuant to the Plan, and (d) except to the extent provided, permitted or preserved by sections 553, 555, 556, 559, or 560 of the Bankruptcy Code or pursuant to the common law right of recoupment, asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from any of the Released Parties or any of their respective assets or property, with respect to any such Claim or other debt or liability discharged pursuant to the Plan. Such injunction shall extend to all successors and assigns of the Released Parties and their respective assets and property. Notwithstanding the foregoing, without prejudice to the exculpation right set forth in section 92.7 of the Plan and decretal paragraph 61 hereof, nothing contained in the Plan or this Confirmation Order is intended, nor shall it be construed, to be a non-consensual third-party release of the PSA Creditors, AFSCME, and of their respective Related Persons by Creditors of the Debtors.

Confirmation Order ¶ 59; see also, Plan § 92.3 (emphasis added).

Plaintiffs filed the complaint in the instant case on August 20th, 2020. In the Complaint, Plaintiffs as part of their relief requested that the "grant such other relief as the Court may deem just and proper."[18] With this request, Plaintiffs opened the door to request any other relief in the future, including attorney's fees. After entry of Judgment partially granting the reliefs requested in the Complaint, on November 2nd, 2020, Plaintiffs requested the Court to grant attorney's fees in their

---

[18] Docket No. 1, ¶ 3, p. 26.

favor.[19] Plaintiff's claim for attorney's fees was undeniably made against the Commonwealth of Puerto Rico, and "arose, in whole or in part, prior to the Effective Date"[20] of the Confirmation Order.

Pursuant to Paragraph 56 of the Confirmation Order and section 92.2 of the Plan, "[u]pon the Effective Date, the Debtors and Reorganized Debtors shall be deemed discharged and released from any and all Claims, Causes of Action and any other debts that arose, in whole or in part, prior to the Effective Date. Furthermore, pursuant to Paragraph 59 of the Confirmation Order, and section 92.3 of the Plan, "all Entities who have held, hold, or in the future hold Claims or any other debt or liability that is discharged or released pursuant to section 92.2 of the Plan or who have held, hold, or in the future hold Claims or any other debt or liability discharged or released pursuant to section 92.2 of the Plan are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing, directly or indirectly, in any manner, any action or other proceeding (including, without limitation, any judicial, arbitral, administrative, or other proceeding) of any kind on any such Claim or other debt or liability discharged pursuant to the Plan against any of the Released Parties or any of their respective assets or property, …".

The Confirmation Order is clear and left no room for Plaintiff's proposed interpretation. Therefore, Plaintiffs' claim for attorney's fees were subject to the discharge contemplated in the Confirmation Order and they are permanently enjoined from pursuing their claim for attorney's fees since its Effective Date, March 15, 2022, and "the Plan Injunction has deprived this court of jurisdiction." Velez-Molina v. Rivera Schatz, 2023 WL 6536235 at *4 (D.P.R. 2023). The fact is that "this Court lacks jurisdiction to alter any provision of the Plan or the Confirmation Order or to entertain any claim enjoined or discharged thereunder." Villalobos-Santana v. Puerto Rico Police

---

[19] Docket No. 51.
[20] In re Financial Oversight and Management Board for Puerto Rico, 650 B.R. at 293.

<u>Bureau</u>, Civil Number 21-1312 (ADC) (D. Puerto Rico), Memorandum and Order dated June 5, 2024, Docket No. 96, p. 7. (citing <u>In re Bernier</u>, 2024 WL 1608580 at *4 (D.P.R. 2024) ("the continuation of an action, as is the case here, against the Treasury Department is subject to the permanent injunction of the order confirming the plan in the Commonwealth's Title III case.")).

### B.  The general public, including Plaintiffs, were provided adequate notice.

Plaintiffs allege that even if their claim for attorney's fees arose prior to the Effective Date, Defendants failed to provide them with adequate notice. In support of this contention, Plaintiffs rely on Section 521(a)(1) of the Bankruptcy Code. Nonetheless, said section of the Bankruptcy Code was not incorporated to PROMESA.[21]

On March 15, 2022, the Effective Date of the Plan, the Oversight Board filed *Notice of (A) Entry of Order Confirming Modified Eight Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al. Pursuant to the Title III of PROMESA and (B) Occurrence of the Effective Date* (*Notice*), in which notice was given of the deadline to file Administrative Expense Claims or Administrative Expense Requests.  The Notice also informed the methods in which all Administrative Expense Requests should be filed.[22]

As to the deadline for filing the Administrative Expense Claims, the Notice provides the following:

> PLEASE TAKE FURTHER NOTICE that, pursuant to Section 1.51 and Article III of the Plan and decretal paragraph 44 of the Confirmation Order, the deadline for filing proofs of or requests for payment of Administrative Expense Claims ("<u>Administrative Expense Requests</u>") is **June 13, 2022**; provided, however, that no proof of Administrative Expense Claim shall be required to be filed if such Administrative Expense Claim (a) shall have been incurred (i) in accordance with an order of the Court or (ii) with the written consent of the applicable Government Parties expressly granting such Administrative Expense Claim, (b) is a

---

[21] See, 48 U.S.C.A. § 2161.
[22] <u>In re The Financial Oversight and Management Board of Puerto Rico</u>, Case No.17-BK-3283 (LTS), Docket No. 20349, March 15, 2022, at p. 2.

Professional Claim, (c) is an intergovernmental Claim, (d) is an Administrative Expense Claim of the IRS for the payment of taxes incurred by any of the Debtors during the period from and after the Commonwealth Petition Date, the ERS Petition Date or the PBA Petition Date, as applicable, (e) relates to actions occurring in the ordinary course during the period from and after the respective Debtor's petition date up to and including the Effective Date, (f) relates to a Claim that is subject to the provisions of the ACR Order, including, without limitation, "grievance claims" relating to any of the Debtor's collective bargaining agreements, or (g) is the subject of a pending motion seeking allowance of any administrative expense pursuant to Bankruptcy Code section 503(b) as of the entry of the Confirmation Order; and, provided, further, that any such proof of Administrative Expense Claim by a governmental unit shall remain subject to the rights and interests of the Debtors and Reorganized Debtors, as the case may be, and any other party in interest to interpose an objection or other defense to the allowance or payment thereof.

See Docket No. 70, Exhibit B, at p. 2.[23]

On October 20, 2022, the Title III Court entered an *Order Extending Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction.*[24] The Title III Court, "pursuant to decretal paragraph 44 of the Confirmation Order and section 1.51 of the Plan" extended the Administrative Claim Bar Date until **January 18, 2023, at 4:00 P.M. Atlantic Standard Time**, solely with respect to any claim or cause of action:

(A)(1) asserted in a litigation or action against the Commonwealth, PBA, or ERS commenced from and after the respective petition date and prior to the Effective Date and relating to an action or event occurring from and after the respective petition date and prior to the Effective Date, or (2) not subject to a pending litigation or action, but arising from actions or events occurring from or after the respective petition date and prior to the Effective Date, and
(B) the holder of such claim did not receive service of the Effective Date Notice as documented in a Certificate of Service referred to in paragraph 3 below.

Case No.17-BK-3283 (LTS), Docket No. 22650 at 3, **Exhibit A.**

---

[23] Paragraph 44 of the Confirmation Order provides that "[t]he last day to file proof of Administrative Expense Claims shall be ninety (90) days after the Effective Date, after which date, any Administrative Expensive Claim, proof of which has not been filed, shall be deemed forever barred, and the Debtors and Reorganized Debtors shall have no obligation with respect thereto." Docket No. 19813 at 49, ¶ 44.

[24] In re The Financial Oversight and Management Board of Puerto Rico, Case No.17-BK-3283 (LTS), Docket No. 22650, October 20, 2022. **Exhibit A.**

Also, on October 21, 2022, the Financial Oversight and Management Board for Puerto Rico issued a Notice of (A) Entry of Order confirming the Modified Eighth Amended Title III Plan of Adjustment of the Commonwealth of Puerto Rico, et al., pursuant to Title III of PROMESA, (B) Occurrence of the Effective Date, and (C) <u>Extension of Administrative Claim Bar Date for Certain Parties</u>.[25] With this Notice, the Financial Oversight and Management Board announced to the public that pursuant the *Order Extending the Administrative Claim Bar Date for Certain Parties and Modifying Discharge Injunction* ("Extension Order") the deadline for filing proofs or requests for payment of Administrative Expense Claims had been extended to **4:00 p.m. (Atlantic Standard Time)** on **January 18, 2023,** for those "seeking to assert any claim or cause of action asserted in a litigation or action against the Commonwealth, …"[26]

The fact is that both extensions were made public by the media[27] and were extensively discussed by attorney Rolando Emanuelli in television, as well on radio programs and social media, as some news inlets reported.[28] Therefore, Plaintiffs "cannot meet the exception to discharge applicable to creditors who "before confirmation of the plan, had neither notice nor actual knowledge of the case."[29]

Plaintiffs were put on notice of both extensions of the deadline to file administrative expense claims in the Title III case after they had filed their claim for attorneys' fees against the

---

[25] <u>In re The Financial Oversight and Management Board of Puerto Rico</u>, Case No.17-BK-3283 (LTS), Docket No. 22663, October 21, 2022. **Exhibit B.**

[26] <u>Id.</u>, p. 3; <u>In re The Financial Oversight and Management Board of Puerto Rico</u>, Case No.17-BK-3283 (LTS), Docket No. 22915, November 25, 2022, **Exhibit E.**

[27] El Nuevo Día, "Swain acoge moción para aplazar la fecha de reclamaciones de gastos administrativos." Published on June 21, 2022. **Exhibit C.**

[28] Microjuris Al Día, "Nuevo plazo en reclamaciones contra el gobierno tras PROMESA." Published on December 14, 2022. https://aldia.microjuris.com/2022/12/14/nuevo-plazo-en-reclamaciones-contra-el-gobierno-tras-promesa/ **Exhibit D.**

[29] 11 U.S.C.A. § 944(c)(2); <u>In re The Financial Oversight and Management Board of Puerto Rico</u>, Case No.17-BK-3283 (LTS), Docket No. 23878, March 27, 2023, at p. 9.

Commonwealth of Puerto Rico. Also, Plaintiffs had ample time and opportunity to file their administrative expense claims, and it appears they failed to do so. Therefore, their claim for attorney's fees in the instant case was discharged by the Confirmation Plan.[30]

Finally, Plaintiffs allege that Defendants are equitably and/or judicially estopped from raising the fact that the Confirmation Plan discharged the requested attorney's fees and established an injunction that keeps them from continuing with said claim; and/or that Defendants forfeited said right.[31] Plaintiffs support their contention with a case that establishes that a party may not raise a new argument in a Motion for Reconsideration. Plaintiffs' argument fails.

For starters, the Financial Oversight and Management Board for Puerto Rico (Oversight Board") is the sole Title III representative of the Commonwealth of Puerto Rico pursuant to 315(b) of PROMESA. Defendants cannot disregard or forfeit the Plan of Adjustment submitted by the Oversight Board and the Confirmation Order approved by the Title III Court, the fact that it discharges Plaintiff's claim for attorney's fees and establishes a permanent injunction divesting this Court from jurisdiction to entertain the same. The above is in the context of the publicly known Commonwealth restructuring proceeding under PROMESA. Plaintiffs cannot seriously argue that Defendants can disregard the Plan of Adjustment and forfeit an order of the Title III Court confirming the same.[32]

---

[30] In re The Financial Oversight and Management Board of Puerto Rico, Case No.17-BK-3283 (LTS), Docket No. 23878, March 27, 2023, at p. 9.
[31] Docket No. 78, p. 11-12.
[32] See, U.S. v. Rodríguez, 311 F.3d 435, 437 (1st Cir, 2008) (Establishing that Courts typically call "forfeiture" situations in which a party fails to make a timely assertion of a right).

C. **The doctrine of judicial estoppel is not applicable in the instant case**.

"The equitable doctrine of judicial estoppel is ordinarily applied to 'prevent [] a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding.'" <u>Guay v. Burack</u>, 677 F.3d 10, 16 (1st Cir. 2012) (alteration in original) (quoting <u>Alternative Sys. Concepts, Inc. v. Synopsis, Inc.</u>, 374 F.3d 23, 32-33 (1st Cir. 2004)). This doctrine is inapplicable, since Defendants are not pressing any claim before this Court, much less one that is inconsistent with a prior position. Defendants are merely notifying the Confirmation Order entered by the Title III Court and its effects in the instant case.

Furthermore, the Supreme Court, from its early decision in <u>Lee v. Munroe & Thornton</u>, 11 U.S. (7 Cranch) 366 (1813), to its most recent decision in <u>Heckler v. Community Health Services of Crawford County, Inc.</u>, 467 U.S. 51 (1984), has consistently refused to apply the equitable estoppel doctrine against the government, no matter how compelling the circumstances. <u>Phelps v. Federal Emergency Management Agency</u>, 785 F.2d 13, 16-17 (1st Cir. 1986). Being inapplicable and unwarranted, the doctrine of judicial estoppel should be disregarded.

## III.    CONCLUSION

The Title III Court entered a Confirmation Order and approved a Plan of Adjustment that contained a permanent injunction on claims against the Commonwealth that arose prior to the Effective Date of March 15, 2022. Pursuant to the reliefs sought out in the Complaint, and after the entry of judgment, on November 2, 2020, Plaintiff requested to be awarded attorney's fees against the Commonwealth of Puerto Rico. It is undeniable that Plaintiffs' claim for attorney's fees against the Commonwealth of Puerto Rico was made prior to the Effective Date of the Confirmation Order,

thus the discharge and the injunction on claims contained therein and in the Plan are applicable to Plaintiff's attorney's fees claim.

Also, given the ample notices provided in the Title III Court of the administrative bar dates and its extensions, it is to be concluded that all possibly affected by the Confirmation Order were provided adequate notice. Therefore, Plaintiffs claim for attorney's fees has been discharged by the Confirmation Order and a permanent injunction is in place, as provided by the Plan, which divested jurisdiction from this Honorable Court to address Plaintiffs' request for attorney's fees. Thus, the request for attorney's fees must be Denied.

**WHEREFORE,** Defendants respectfully request the Honorable Court deny Plaintiffs' request for attorney's fees pursuant to the discharge of the Title III Case and the permanent injunction of the Plan.

**WE HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 18th day of June 2024.

DOMINGO EMANUELLI-HERNÁNDEZ
Secretary of Justice

SUSANA I. PEÑAGARÍCANO-BROWN
Deputy Secretary in Charge of Litigation

JUAN C. RAMIREZ ORTIZ
Deputy Undersecretary in Charge of Civil Litigation

*S/ Idza Díaz Rivera*
IDZA DÍAZ RIVERA
USDC No. 223404
Department of Justice of Puerto Rico
Federal Litigation Division
PO Box 9020192
San Juan Puerto Rico, 00902-0192
Tel. (787) 721-2900, ext. 1421
Email: idiaz@justicia.pr.gov