IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **BELLA ARELENE OCASIO; ET AL.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **COMISIÓN ESTATAL DE ELECCIONES; ET AL.,** <br><br> **Defendants.** | **CIVIL NO. 20-1432 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court are defendants' motion for reconsideration of the court's ruling awarding plaintiffs as the prevailing party $64,415 in attorney's fees (Docket No. 58); and a notice of injunction under the Puerto Rico Oversight Management and Economic Stability Act, 48 U.S.C. §§ 2101, et seq. ("PROMESA"), to preclude the court from ordering payment of those fees (Docket No. 70). Plaintiffs opposed the motion and the notice (Docket Nos. 62, 78). Defendants replied (Docket Nos. 77, 87). For the reasons explained below, defendants' requests must be denied.

**I.   BACKGROUND**

On August 20, 2020, plaintiffs initiated this action under the First and Fourteenth Amendments against the Puerto Rico Elections Board ("CEE" by its Spanish acronym) and Juan Dávila-Rivera, then president of the CEE in his official capacity, for declaratory and injunctive relief directing defendants to, among other things, permit senior citizens – those over 60 years of age – to vote early or by absentee ballot in the November 2020 general election in Puerto Rico, and to update public education materials to reflect this eligibility rule (Docket Nos. 1, ¶ 10;  2, p.

Case 3:20-cv-01432-PAD   Document 94   Filed 07/31/24   Page 2 of 4

Ocasio, et. al. v. CEE, et. al.
Civil No. 20-1432 (PAD)
Memorandum and Order
Page 2

1).[1]  On September 11, 2020, the court granted in part plaintiffs' request for preliminary injunctive relief, ordering defendants to permit voters of at least 60 years of age to vote early by mail; to extend by ten days – until September 24, 2020 – the deadline for these voters to apply for early voting; and to implement a media orientation campaign to that effect (Docket Nos. 42; 43-1).[2]  On December 26, 2023, it awarded plaintiffs as prevailing party $64,415 in attorney's fees (Docket No. 51).[3]  On January 23, 2024, defendants moved for reconsideration of the award (Docket No. 58).  On May 6, 2024, they filed the notice of injunction under PROMESA (Docket No. 70).

## II.   DISCUSSION

### A. Motion for Reconsideration

When all is said and done, defendants' motion for reconsideration does not take into account the context in which plaintiffs' constitutional challenge was presented and how that context defined plaintiffs' allocation of resources to pursue the action. (For a description of that important setting, see, Opinion and Order at Docket No. 57, pp. 6-7.).  Nor does it persuasively show why the billing rates assigned to the attorneys who worked in the case are inappropriate or the tasks they undertook out of line with the realistic needs of the case in the unique circumstances

---

[1] The CEE is entrusted with overseeing the election process, including updating voting policies as necessary, facilitating registration services, and organizing voting poll locations and ballots (Docket No. 43-1, n. 1).

[2] The original ruling is set in Docket No. 42.  It was amended *nunc pro tunc* at Docket No. 43, with the revised Opinion and Order entered at Docket No. 43-1.

[3] Plaintiffs had sought $67,680 in attorney's fees.

Case 3:20-cv-01432-PAD     Document 94     Filed 07/31/24     Page 3 of 4

Ocasio, et. al. v. CEE, et. al.
Civil No. 20-1432 (PAD)
Memorandum and Order
Page 3

under which it was organized and moved forward. Id. at pp. 5-6.[4] That being so, the motion for reconsideration must be denied. Thus, the court stands by its ruling at Docket No. 57.[5]

### B. **PROMESA**

On January 18, 2022, the Title III court confirmed a plan which included an injunction on all claims that were released under the plan (Docket No. 70-1, p. 290; 70-2). For that reason, parties whose claims were released or discharged in connection with the confirmed plan are enjoined from continuing or commencing any collection efforts on those claims. (Docket No. 70-1, p. 290). The confirmation plan put in place an "Administrative Claim Bar Date," providing that all "administrative claims" not filed within 90 days of the plan's effective date are deemed forever barred. Id. at p. 128.[6] As plaintiffs did not file an administrative claim regarding this court's Order for fees to the Title III court, defendants adduce that plaintiffs are barred from collecting the fees ordered in this case (Docket No. 70, p. 7).

Defendants' reliance on the confirmed plan is misplaced. Upon close inspection, the confirmed plan defines an "Administrative Expense Claim" as a claim against a debtor or their assets "constituting a cost or expense of administration of the Title III cases asserted or authorized

---

[4] In their initial opposition to plaintiffs' request for attorney's fees, defendants did not question plaintiffs' attorney's billing rates. See, "Response in Opposition to Motion for Attorney's Fees" (Docket No. 53, pp. 4-5). In their "Reply to Response in Opposition to Motion for Reconsideration Pursuant to Rule 59(E) of the Federal Rules of Civil Procedure" (Docket No. 77), however, they take issue with Attorney Mayté Bayolo-Alonso's rate of $250 p/h. Id. at pp. 10-11. Their posture is unconvincing. As the court pointed out in the fees ruling, it independently reviewed the billing rates and found them reasonable (Docket No. 57, p. 5). Regarding Ms. Bayolo-Alonso's experience, see, Docket No. 51 at p. 9. Against the backdrop of this litigation, the rate assigned to her work accords with the amount that plaintiffs ask for the work that she performed.

[5] In the Order directing plaintiffs to respond to defendants' injunction notice, the court expressed that after a thorough review of the record and the law, it intended to deny defendants' motion for reconsideration (Docket No. 70). Further looking into the matter anew, the court has reached the same conclusion it anticipated.

[6] The effective date of the plan occurred on March 15, 2022, which means that the Administrative Claim Bar Date expired on June 13, 2022.

to be asserted" under the Bankruptcy Code (Docket No. 70-1, p. 128). But the instant case is not a Title III case. Rather, it is a post-petition case unrelated to Puerto Rico's bankruptcy case. And it was never a part of the Title III proceedings. So, the court is not persuaded that the confirmed plan's injunction on claims and administrative bar date applies to the payment of attorney's fees granted here.

### III.　CONCLUSION

For the reasons stated, defendants' motion for reconsideration (Docket No. 58) is DENIED. Defendants' notice of injunction is NOTED but the request to stay the collection of the attorney's fees ordered at Docket No. 57 is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of July, 2024.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
